UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JERRY JAMES STANTON, | Case No. 1:10-cv-74

    Plaintiff,

                                          HONORABLE PAUL L. MALONEY

    v.

                                          Magistrate Judge Joseph G. Scoville

NANCY HUTCHINS,
Branch County Register of Deeds,
BAMBI SOMERLOTT,
Hillsdale County Register of Deeds,
SANDRA S. THATCHER,
Branch County Treasurer,

LAURIE ADAMS, Coldwater Township Assessor,
JEFFREY BUDD, Coldwater Township Treasurer,

ROBERT J. KLEINE, State of Michigan Treasurer,

MIKE COX, Michigan Attorney General,
KEVIN T. SMITH, Michigan Assistant Attorney General,

MICHAEL A. STIMPSON, Michigan Tax Tribunal Judge,

PATRICK W. O'GRADY, Circuit Court Judge,
Branch County, Michigan,

MARK STODDARD, Michigan Appeals Court Counsel,
BRIAN DEITRICH, Clerk, Michigan Appeals Court,

DONALD S. OWENS, WILLIAM C. WHITBECK,
STEPHEN L. BORRELLO, DAVID H. SAWYER,
JOEL P. HOEKSTRA, DOUGLAS B. SHAPIRO,
Michigan Court of Appeals Judges,

CLIFFORD B. TAYLOR, MICHAEL F. CAVANAUGH,
ELIZABETH A. WEAVER, MARILYN KELLY,
MAURA D. CORRIGAN, ROBERT P. YOUNG JR.,
and STEPHEN J. MARKMAN,
Justices of the Michigan Supreme Court,

Defendants.

**OPINION and ORDER**
*" Stanton 3 "*

**Granting the Motion to Dismiss or for Summary Judgment of the State Defendants (Doc 12):
Dismissing the Complaint as to all Defendants without Prejudice under *Rooker-Feldman* Doctrine**

**Denying without Prejudice as Moot the Following Motions:**
Defendants Adams and Budd's Motion for Judgment on the Pleadings (Doc 20)
Defendants Hutchins, Thatcher, and Somerlott's Motion to Dismiss (Doc 29)

Plaintiff's Motion to Strike Document 11 (the Answer of Adams and Budd) (Doc 27)
Plaintiff's Motion to Strike Document 16 (Answer of Hutchins, Thatcher & Somerlott) (Doc 26)
Plaintiff's Motion to Strike Docs 20 & 29 (Motions) & Dismiss Attorneys Aseltyne & Bogren(Doc 33)

**Keeping the Case Open Pending the Magistrate Judge's Resolution of Remaining Motions**

This court has federal-question jurisdiction because the plaintiff, Mr. Jerry James Stanton ("Stanton"), purports to assert claims under the United States Constitution, a federal civil-rights statute (42 U.S.C. § 1983), several provisions of Title 18 of the U.S. Code (§§ 1341 and 1346), and at least two provisions of RICO, 18 U.S.C. §§ 1962 and 1964. *See* Complaint filed March 4, 2010 ("Comp") at 1-3. Proceeding *pro se*, Stanton asserts 38 claims against 25 defendants, all of whom are employed by the State of Michigan's executive or judicial branches or one of its county or local government subdivisions' judicial or executive branches:

    2 Register of Deeds for Branch County and Hillsdale County (Hutchins and Somerlott)
    2 Coldwater Township Assessors (Adams and Budd)
    State Treasurer Kleine and Branch County Treasurer Thatcher
    State AG Cox and Assistant State AG Smith
    State Tax Tribunal Judge Stimpson
    Branch County Circuit Court Judge Patrick O'Grady
    2 Court of Appeals employees (Counsel Mark Stoddard and Clerk Deitrich)
    6 Court of Appeals Judges (Owens, Whitbeck, Borrello, Sawyer, Hoekstra, Shapiro)

7 Supreme Court Justices (Taylor, Cavanagh, Weaver, Kelly, Corrigan, Young, Markman) *See* Comp ¶ 8. Stanton owns two parcels of real property in the City of Coldwater, Branch County, Michigan, and brings this action to remedy alleged violations of his constitutional and natural rights with regard to those properties, *see* Comp ¶¶ 244-245, including the right to freely acquire and keep private property without interference or harassment or overriding government claims thereto (consistent with the understanding which prevailed in the colonies and Great Britain before the founding of the United States of America), the right to be left alone, the right to the pursuit of happiness and prosperity, and the right to a republican form of government with checks and balances and strictly limited powers where natural individual rights are not violated even with the approval of a majority of voters or elected officials or judges, *see* Comp ¶¶ 3-7 (citing Ex A ("Branch County Instrument #2006-07381, Page 34 ¶ 46")) and Comp ¶ 13. Although the caption does not state that Stanton is suing the defendants in their personal capacity, the body of the complaint does state that he is seeking monetary damages against them in that capacity. *See* Comp at 4, Section III-h.

Among many other types of relief sought in the complaint, Stanton's application for preliminary injunctive relief asked this court to prevent the State of Michigan from requiring him to pay the property taxes which a state tribunal has apparently held that he owes, as a condition precedent to bringing an appeal, by a March 14, 2010 deadline, in the Michigan state system. He contended that this court should effectively reverse or disregard a judgment of the Branch County, Michigan circuit court holding that the law requires such payment in that sequence, on the ground that that court lacked jurisdiction and hence that the resultant judgment is void. The PI application weaves in and relies on themes and legal premises from Stanton's complaint, including the notion that the Michigan tax and judicial system, in so requiring, and in refusing to consider his

constitutional objections, violates the Northwest Ordinance of 1787 in some unspecified way, violates his natural and constitutional rights. Stanton explained that he cannot or will not simply pursue a direct appeal to the Michigan Court of Appeals because

> [T]he Michigan Appeals Court will completely subvert and circumvent, any appeal of the Plaintiff thereby denying due process and creating yet another basis of charge against the Court of Appeals Judges and Clerks just as the Branch County Circuit court and above named defendants have done yet again.

*Stanton v. Hutchins et al.*, 2010 WL 882822, *2 (W.D. Mich. Mar. 8, 2010) (Paul L. Maloney, C.J.) (quoting P's PI App at 2). This court determined, however, that

> Stanton has not yet demonstrated or adequately explained – if he ever will be able to do so – that the Michigan Court of Appeals allegedly 'subverted" or improperly thwarted or rejected his appeal from any judgment or order. Apparently Stanton argued before the Circuit Court of Branch County that that court lacked jurisdiction, relying on *Hibbs v. Winn*, 542 U.S. 88 (2004), which he characterized – without any quotation or citation to the majority opinion – as holding that "the State Courts lose absolute jurisdiction and protection of the Tax Injunction Act when their proceedings fail to allow and address constitutional arguments before them." P's PI App at 1-2.

*Stanton 1*, 2010 WL 882822 at *2. In any event, Stanton asked this court to preliminarily enjoin any action to enforce the Branch County Circuit Court judgment by way of foreclosure and/or eviction. This court denied Stanton's application for preliminary injunctive relief, finding that all four criteria weighed against granting such extraordinary relief. The court emphasized that Stanton appeared

> exceedingly unlikely to prevail on the merits of his claims. That alone requires denial of his application for preliminary injunctive relief, without consideration of the other three factors. "'[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors became matters of idle curiosity.'" *Cambria v. Rockingham Cty. Dep't of Corrs.,* – F. Supp.2d –, 2010 WL 55319, *2 (D.N.H. Jan. 5, 2010) (quoting *New Comm Wireless Servs. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)) . . . .
>
> Even if the court did consider the other three factors, they would not alter the outcome; for example, neither Stanton nor the public interest would be harmed in any legally cognizable way by the court's refusal to preliminarily enjoin the complained-of actions and practices of the defendants when there is no precedent

suggesting that such actions and practices give rise to any judicially enforceable federal cause of action on his part.

*Stanton 1*, 2010 WL 882822 at *7. As this court stated in *Stanton 1*,

> [In addition to the apparent likely lack of substantive merit in Stanton's claims], there is a second, independent reason why Stanton's attempt to eschew the normal state-court appellate process in favor of a preemptive federal "collateral attack" is unlikely to be approved by this court. Under the *Rooker-Feldman* doctrine , "'lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.'" *Robinson v. Wheeling & Lake Erie Ry. Co.*, 2009 WL 1015344, *2 (W.D. Mich. Apr. 15, 2009) (Maloney, C.J.) (quoting *Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998)); *see also In re Smith*, – F. App'x –, 2009 WL 3049202, *2 (6th Cir. Sept. 24, 2009) (C.J. Batchelder, Suhrheinrich, Sutton) (citing *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009)), *cert. denied sub nom. Smith v. Worthy*, – U.S. –, – S.Ct. –, 2010 WL 680611 (U.S. Mar. 1, 2010).
>
> "This is equally true in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried*, 142 F.3d at 360. "Thus, even if the challenge is that the state court's action was unconstitutional, this court may not entertain the challenge." *Aslani v. Sparrow Health Sys. et al.*, No. 1:2008-cv-298, 2009 WL 3711602, *17 (W.D. Mich. Nov. 3, 2009) (Maloney, C.J.) (citing, *inter alia*, *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 485-86 (1983)). * * * This is also true if the plaintiff claims that a state-court decision endorsed or permitted state action which violated a *State* Constitution. *See Angle v. Nevada Legislature*, 274 F. Supp.2d 1152 (D. Nev. 2003) (*Rooker-Feldman* barred district court from considering claim that enactment by simple majority vote of a measure to increase taxes violated the State Constitution's provision requiring a 2/3 vote for such an increase), *aff'd sub nom. Amodei v. Nevada State Senate*, 99 F. App'x 90 (9th Cir. 2004).
>
> Nor is this court likely to hold that Stanton may circumvent the *Rooker-Feldman* jurisdictional bar by arguing that the Branch County Circuit Court decision was not merely wrong but void *ab initio*. *See Searcy v. Clawson*, 70 F. App'x 907, 907-908 (8th Cir. 2003) (per curiam) (Bowman, Malloy, Smith) ("under the *Rooker-Feldman* rule, 'no federal district court has jurisdiction to decide that the state court judgment was void'") (quoting *Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 812 (8th Cir. 1998)); *see, e.g., Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp.2d 629, 636-37 (S.D.N.Y. 2008) (notwithstanding plaintiff's contention that the state Supreme Court proceeded, "in clear absence of all jurisdiction," to defraud and unlawfully deprive her of property because "all persons concerned in [sic] executing such [void] judgments or sentences, are considered, in law, as trespassers," and that "a void judgment/order is a nullity [which] can be challenged and expunged in any

State or Federal Court in the U.S.", court held that *Rooker-Feldman* barred federal district-court jurisdiction).

Consequently, even on fuller briefing and consideration, this court appears likely to hold that the only legitimate way for Stanton to secure federal-court review of the Michigan courts' judgment in his property-tax challenge (and their alleged refusal to consider constitutional arguments therein) is to seek review up to and including the Michigan Supreme Court before coming to federal court. "This is so because 28 U.S.C. § 1257, 'as long interpreted, vests authority to review a state court's judgment solely in the [U.S. Supreme] Court.'" *Schulze v. Claybanks Twp.*, 2009 WL 3586139, *12 (W.D. Mich. Oct. 23, 2009) (quoting *ExxonMobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). [footnote omitted]

Thus, whether or not the Tax Injunction Act (28 U.S.C. § 1[3]41) [footnote omitted] bars this court from reviewing the Branch County Circuit Court's judgment, this court is likely to hold that the *Rooker-Feldman* doctrine does bar such review. *Cf. Zerod v. Caprathe*, 76 F. App'x 65 (6th Cir. 2003) (per curiam) (Siler, Batchelder, Cook) (*Rooker-Feldman* doctrine deprived district court of jurisdiction to hear former owners' civil-rights complaint attacking state judicial process which determined that they no longer owned real property which the state had seized for nonpayment of taxes); *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993) (Coffey, Easterbrook, <u>Wood</u>) (*Rooker-Feldman* barred landowners from bringing federal-court action to challenge state-court foreclose judgment as violative of their due process rights, as they had not not yet availed themselves of some state-law, state-court avenues to overturn the foreclosure judgment or recover the proceeds from the government's sale of their land).

Accordingly, the court must decline to issue a temporary restraining order or a preliminary injunction of actions to enforce and implement the Branch County Circuit Court judgment of foreclosure or any other state-court judgment entered before the initiation of the instant action in connection with his property-taxation challenges. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors [is] given controlling weight, *a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed*.") (citing *Sandison v. Mich. H.S. Athletic Ass'n*, 64 F.3d 1026, 1037 (6th Cir. 1995)) (emphasis added).

*Stanton 1*, 2010 WL 882822 at *10-11. On March 25, 2010, Stanton filed a motion for reconsideration of the denial of preliminary injunctive relief. Without requiring the defendants to file opposition briefs, the court denied reconsideration, *see Stanton v. Hutchins*, 2010 WL1418563 (W.D. Mich. Apr. 7, 2010) (Maloney, C.J.) ("*Stanton 2*").

Various groups of defendants have since filed motions to dismiss the complaint, either in its entirety or as to the movants, or in the alternative for summary judgment. The earliest such motion is document number twelve, a motion to dismiss or in the alternative for summary judgment filed by nineteen defendants who are or were employed by the Michigan Supreme Court, the Michigan Court of Appeals, the Branch County Circuit Court, or the State Tax Tribunal (collectively referred as "the State Defendants").

The State Defendants filed their motion on Wednesday, March 17, 2010, and it is a "dispositive" motion. *See* Western District of Michigan Local Civil Rules ("W.D. MICH. LCIVR") 7.2(a) (listing motion to dismiss and motion for summary judgment as dispositive motions) and W.D. MICH. LCIVR 7.2(b) (providing that all motions not listed in LCivR 7.2(a) are considered non-dispositive). A party has 28 days to respond to a dispositive motion, *see Glass v. Kellogg Co. Bakery, Confectionery, Tobacco Workers, and Grain Millers Pension Plan*, 2009 WL 2611269, *2 (W.D. Mich. Apr. 3, 2009) (Maloney, C.J.) (citing W.D. MICH. LCIVR 7.2(c)). The 28 days start the day *after* the party receives the motion, *see* Federal Rules of Civil Procedure ("FED. R. CIV. P.") 6(a)(1)(A). The court counts all days, including weekends and holidays, FED. R. CIV. P. 6(a)(1)(B).

The State Defendants' counsel are located in Michigan, and they mailed the motions to Stanton's address of record, which is also in Michigan. Thus, it seems likely that the U.S. Post Office delivered the motion to Stanton within about three postal business days (i.e., Monday through Saturday, excluding federal holidays). For Stanton's benefit, however, the court generously assumes *arguendo* that he did not receive the State Defendants' motion until one full week after it was mailed, i.e., that he received it on Wednesday, March 24, 2010. That means his 28-day response period began on Thursday, March 25, 2010 and ended at the close of business hours on Wednesday,

April 21, 2010, *see* FED. R. CIV. P. 6(a)(4)(B). That deadline has passed without the Clerk's Office receiving an opposition brief from Stanton, and the court is under no obligation to wait for an untimely opposition brief.

The court has reviewed Sixth Circuit precedent which has been issued in the very brief period since the court determined that the complaint was likely barred by the *Rooker-Feldman* doctrine. The court finds no intervening precedent suggesting any material change in this circuit's application of the doctrine. For his part Stanton, having failed to file an opposition brief, has not identified any such precedent or otherwise undermined the court's prior analysis.

Before reaching today's disposition, the court considered Stanton's "Notice of Constitutional Challenge" filed on March 17, 2010. That Notice states as follows:

> Comes now Plaintiff, Jerry James Stanton, in his proper person as a living man with rights reserved, hereby notifying pursuant to Federal Rule of Civil [P]rocedure Rule 5.1 of the constitutional challenge of a Constitutional Provision of the Michigan Constitution 1963 and Michigan Statutes at M.C.L. 211.1 Sec. 1 and MCL 211.921 to 211.941.
>
> This Constitutional Challenge is located within Plaintiff's **SUIT FOR PERMANENT INJUNCTION AND OTHER RELEIF [SIC] AGAINST VIOLATION OF FEDERAL GUARANTEED FUNDAMENTAL RIGHTS** at numbered paragraph 312.
>
> The constitutionality of "Michigan tax lien sale and collateralized securities act, 1998 PA 379, MCL 211.921 to 211.941" as shown in numbered paragraph 319.
>
> Although F.R.C.P. Rule 5.1(a)(1)(B) requires that a notice such as this only applies when there is no government official named in the suit in their [sic] official capacity, which does not describe this case as the Plaintiff has named many State Officials including the Attorney General of Michigan, Mike Cox, in their personal and official capacities just as was done in *Scheuer v. Rhodes*, 416 U.S. 232 (1974) and *Sterling v. Constantin*, 287 U.S. 378 (1932), and successfully reached by the law when charges of violation of fundamental rights are so charged.
>
> Plaintiff provides this Notice to the court as it appears, from the recent submission of its Order Denying Plaintiff's Motion for Preliminary Injunction, to be confused

> as to the facts of the pleadings of the Plaintiff and the fundamental law of the land cited by the Plaintiff in his pleading.
>
> Plaintiff submits this Notice to be clear in his intent, question, and efforts to comply with the Rules of this Court, that this Court can comply with 28 U.S.C. § 2403 should it deem such notice necessary, now that he has completed personal service pursuant to state law [on] Defendants who did not return a Waiver of Service.

Doc 14 at 1-2 (capitalization and boldface in original). This Notice, however, does nothing to undermine the court's conclusion that it lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. As the court stated in its opinion denying Stanton's application for preliminary injunctive relief, the *Rooker-Feldman* doctrine applies with full force even "in constitutional cases . . . since federal courts must give 'full faith and credit' to the judicial proceedings of state courts", *Stanton 1*, 2010 WL 882822 at *11 (citing *Gottfried*, 142 F.3d at 360). *See also Reguli v. Guffee*, – F. App'x –, – , 2010 WL 1252950, *5 (6th Cir. Mar. 31, 2010) (Guy, Clay, Kethledge) ("Even if issued without jurisdiction, the order was still issued by a state court, and Rooker-Feldman bars a federal court from reviewing the constitutionality of that order.").

Nor do Stanton's allegations about the inadequacy or unfairness of the Michigan Court of Appeals as an appellate venue alter the applicability of *Rooker-Feldman*. Stanton has presented no precedent suggesting that a party may simply assume that a state appeals court will be unfair or corrupt and thus bypass state appellate courts at his discretion. He could and should have pursued a direct appeal to the Michigan Court of Appeals and, if he again believed that that court had not given him a fair hearing or had acted unlawfully in its processes, sought review from the Michigan Supreme Court.

If Stanton was still dissatisfied, he could have petitioned the United States Supreme Court for a writ of *certiorari* as authorized by 28 U.S.C. § 1257. Stanton willfully chose to ignore the state

appellate avenues open to him – and the U.S. Supreme Court avenue – and he cannot now complain about being held to the consequences of that decision. *Accord Green v. Mattingly*, 585 F.3d 97103 (2d Cir. 2009) ("[I]f the Family Court had entered a final order . . . and plaintiff had brought this action seeking the return of her child * * * plaintiff could have appealed to the Family Court's ruling to higher New York courts and, eventually, to the United States Supreme Court under 28 U.S.C. § 1257. If, at the completion of her appeals, the plaintiff were to bring a § 1983 action in federal court seeking the return of her child, her action would unquestionably 'invite district court review and rejection' of the Family Court's order of disposition and, assuming the other requirements were met, the *Rooker-Feldman* doctrine would likely apply."); *Indus. Comms. & Electronics, Inc. v. Monroe Cty.*, 134 F. App'x 314, 319 (11th Cir. 2005) ("ICE already argued that it had been denied 'just and fair use of its property' in its state court complaint. ICE may not now appeal that ruling by filing a new complaint reiterating the same allegations in federal court. *ICE could have appealed the state court ruling to the Florida appellate courts and the United States Supreme Court* instead of filing a new complaint in federal court collaterally attacking the state court judgment. Under the *Rooker-Feldman* doctrine, the district court lacked jurisdiction over the claim of ICE.") (record citation omitted); *Combs v. Lambert*, 2007 WL 1322327, *5 (E.D. Ky. May 4, 2007) ("This proceeding is a 'textbook' case for application of the *Rooker-Feldman* doctrine. * * * If the plaintiff was not satisfied with the Kentucky Supreme Court's summary rejection of his Motion for Discretionary Review, the plaintiff should have sought permission to appeal to the United States Supreme Court. Thus, the Court lacks subject matter jurisdiction to entertain this action."), *mot. to amend den.*, 2007 WL 1460357 (E.D. Ky. May 16, 2007).[1]

---

[1] *Cf. Engle v. Ahmed*, 2009 WL 4072077, *1 (6th Cir. Nov. 24, 2009) (C.J. Batchelder, Siler,

Accordingly, the court will grant the State Defendants' motion to dismiss the complaint because the *Rooker-Feldman* doctrine bars federal lower-court jurisdiction over this controversy.

Alternately, even if *Rooker-Feldman* did not strip this court of subject-matter jurisdiction to review the Michigan trial court's order, this court would abstain from exercising jurisdiction out of a proper deference to the Michigan state appellate courts, which he has never afforded an opportunity to rule on his constitutional claims. *See Bowen v. Tennessee*, 2007 WL 1725640, *3 (W.D. Tenn. June 13, 2007) (J. Daniel Breen, J.) (in action claiming that certain defendants "continued to sue him in attempts to collect unpaid, delinquent property taxes despite his contention that he is exempt from property taxes", court held that *Rooker-Feldman* barred lower federal-court jurisdiction, and remarked, "Thus, this Court either lacks jurisdiction *or must abstain* from exercising any jurisdiction over plaintiff's claim for relief from the state court proceedings or judgments.") (emphasis added); *Brockriede v. Michigan Consumer & Industry Servs.*, 2002 WL 1879923, *5 (E.D. Mich. July 16, 2002) (Rosen, J.) ("Even if the *Rooker-Feldman* doctrine did not bar Brockriede's constitutional claims, the Court would nonetheless be precluded from granting the injunctive/declaratory relief sought by Plaintiffs under the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37 . . . (1971).").

## ORDER

The motion to dismiss for failure to state a claim on which relief can be granted or for summary judgment of defendant Borello and 19 other defendants **[doc # 12] is GRANTED**.

---

Gilman) ("Even if *Rooker-Feldman* does not strip us of jurisdiction to hear Engle's challenge to the constitutionality of the Michigan statute, claim preclusion does. Engle cannot raise now an issue that she previously 'had a full and fair opportunity to litigate ' in the state court action.").

The complaint is **DISMISSED without prejudice as to all defendants for lack of subject-matter jurisdiction**.

The motion for judgment on the pleadings of defendants Adams and Budd **[document #20] is DENIED without prejudice as moot**.

The motion to dismiss of defendants Hutchins, Somerlott, and Thatcher **[document #29] is DENIED without prejudice as moot**.[2]

Plaintiff's "Motion for Order of Dismissal of Counselors Michael S. Bogren and Patrick A. Aseltyne" and "Motion to Strike Motions for Summary Judgment [i.e., Docs 20 and 29]" **[document #33] is DENIED without prejudice as moot**.

Plaintiff's motion to strike document 16 (the answer of defendants Hutchins, Thatcher, and Somerlott) **[doc #26] is DENIED without prejudice as moot**.

Plaintiff's motion to strike document 11 (the answer of defendants Adams and Budd) **[doc #27] is DENIED without prejudice as moot**.

This is not a final and immediately appealable order, because nondispositive motions remain pending before the United States Magistrate Judge pursuant to a 28 U.S.C. § 636(b)(1)(A) referral.

---

[2]

Likewise, the court assumed that Stanton received **the Adams/Budd motion** on Monday, April 5, 2010; that means 28-day response period began on Tuesday, April 6 and will end at the close of the Kalamazoo U.S. Courthouse Clerk's Office's business hours on Monday, May 3, 2010, *see* FED. R. CIV. P. 6(a)(4)(B). Third, the court assumed that Stanton received **the Hutchins/Somerlott/Thatcher motion** on Friday, April 9; that means his 28-day response period began on Saturday, April 10 and will end at COB on Friday, May 7, 2010, *see* FED. R. CIV. P. 6(a)(4)(B). Those deadlines are now immaterial, however, due to the instant dismissal of the entire complaint on the basis of the *Rooker-Feldman* doctrine asserted by the earlier-moving State Defendants.

The case **REMAINS OPEN** pending the Magistrate Judge's ruling on said motions.[3]

**IT IS SO ORDERED** on this 26th day of April 2010.

                                                          /s/ Paul L. Maloney
                                                          Honorable Paul L. Maloney
                                                          Chief United States District Judge

---

[3]The following four non-dispositive motions remain pending before the Magistrate Judge:

Doc #22       Plaintiff's "Motion for Order for Presentment of Evidence of Actual Service by Office of Attorney General of Michigan and to Prove Service of All Pleadings"

Doc #24       Plaintiff's "Motion for Order to Bar and Limit Representation by the Office of the Attorney General of Michigan"

Doc #25       Plaintiff's "Motion for Order, That Defendants, Counsels [sic] for Defendants, and the Clerk of the Court Properly Address the Plaintiff in All Documents, Mailings, Submissions, and Orders"

Doc #32       Plaintiff's "Motion for Sanctions against counsels [sic] of Record for Submission of scandalous, improper, and impertinent submissions"